Eastern District of Kentucky
**FILED**

MAY 9 - 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-48-DLB

SHAWN A.G. SHAVERS                          PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS                         RESPONDENT

The petitioner, Shawn A.G. Shavers, who is currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), filed a petition for habeas corpus under 28 U.S.C. §2241 [Record No. 1]. The petitioner named Suzanne Hastings, the Warden of USP-Big Sandy, as the respondent.

Although the petitioner filed a "Motion to Proceed In Forma Pauperis," the Court entered a "Deficiency Order" [Record No. 3] on March 21, 2006. The Court determined that it needed additional financial information in order to evaluate if pauper status was warranted under 28 U.S.C. §1915(a). In the "Deficiency Order," the Court also advised the petitioner that he would be required to demonstrate that he had exhausted the applicable administrative remedies. *Id.*

The Court clearly advised the petitioner that if he failed to comply within 30 days, the Court would dismiss the complaint for want of prosecution [*Id.*, ¶ 3]. The "Deficiency Order" also stated that if the Court dismissed the petition on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of the filing fee [*Id.*].

The record reflects that on March 21, 2006, the Clerk of the Court mailed a copy of the "Deficiency Order" to the petitioner at his listed and last known address: "Shawn A.G. Shavers, #51219-060, U.S.P.-Big Sandy, Inez, Kentucky, 41224" [*See Id.* (Attachment: Clerk's Notation)].

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the petitioner on March 21, 2006, was returned to the Court as "Undeliverable" for any reason. The petitioner has neither responded to the "Deficiency Order" nor requested an extension of time in which to respond to it.

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). The petitioner bears some responsibility in pursuing his claims in timely fashion. The petitioner's failure to respond to the "Deficiency Order" is an abandonment of his claims. The Court will dismiss the petition, without prejudice, for want of prosecution.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This 8th day of May, 2006.



Signed By:
David L. Bunning
United States District Judge